Ex parte LUCIOUS THOMPSON.

No. A-9192.   Aug. 28, 1936.
(60 Pac. [2d] 634.)

B. C. Franklin and W. N. Maben, for petitioner.

H. O. Bland, City Atty., and Carl Ravis, Asst. City Atty., for City of Tulsa.

EDWARDS, P. J. This is an original proceeding in habeas corpus. Petitioner alleges he is unlawfully restrained by the chief of police of the city of Tulsa; that he was, in the municipal criminal court, under a city ordinance, convicted of having possession of gambling devices or paraphernalia, was sentenced to pay a fine of $20 and to serve 15 days in the city jail; that the ordinance under which petitioner was prosecuted is unreasonable, and for that reason void and his restraint illegal. The material part of the ordinance in question is:

"It shall be unlawful for a person to have in his possession, keep, exhibit, use or employ, any device, paraphernalia, books, machines, or instrument of any kind, or character, within the City of Tulsa, for the purpose of: (1) Receiving, accepting, recording or registering any bet or wager; (2) or the selling or making of any books, pools, or mutuels; (3) or to become custodian, or depository for gain, hire, or reward of any money, property, thing, or consideration of value, bet or wager, or to be wagered or bet, contrary to the provisions of this Article. * * *"

The information in part alleges:

"* * * Defendant, did then and there unlawfully and wrongfully have in his possession and/or keep a device or devices, paraphernalia, book, machine or instrument for the purpose of receiving, accepting, recording, registering or making a bet or bets and/or wager or wagers; that is to say defendant on said day and date did have on or about his person the following, to wit: Policy Slips, for the purpose aforesaid in the city of Tulsa, Oklahoma, in violation of Section 16 of the Penal Code of the Revised Ordinances of the City of Tulsa, Oklahoma. * * *"

At the time charged officers arrested petitioner in possession of policy numbers and books used in operating the so-called policy game. We take judicial notice that this "policy racket" is now a form of gambling prevalent

in many places and that its suppression is a proper exercise of the police power of the state and municipalities.

The contention is that an ordinance making the mere possession of the articles enumerated an offense is void. With this contention we cannot agree. It is well settled that the possession of instrumentalities of crime may itself constitute a crime. In State v. Murzda, 116 N. J. Law, 219, 183 A. 305, 309, it was said:

"And it is to be borne in mind that neither purchase of the ticket, nor the possessor's intent to sell it, or to participate in a lottery, is an ingredient of the possession made punishable by the statute under consideration, nor its predecessor act of 1895, supra. The possession of such tickets or slips may not be characterized by an intent to put them to an unlawful use. Yet it tends to create both opportunity and temptation to infringe the law against lotteries; and the object of the statute is plainly to strike at the evil in its inception by a measure that is primarily preventive in character."

The ordinance in question defining an offense of having possession of instrumentalities for the operation of the policy game is not unconstitutional. The information sufficiently charges the offense to give the court jurisdiction.

The writ is denied.

DAVENPORT and DOYLE, JJ., concur.